```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF ALABAMA
                          SOUTHERN DIVISION

SE PROPERTY HOLDINGS, LLC,          :
                                    :
     Plaintiff,                     :
                                    :
vs.                                 :
                                    :         CIVIL ACTION 12-0412-CG-M
ALAN J. SWINDALL and                :
BARBARA SWINDALL,                   :
                                    :
     Defendants.                    :
```

## REPORT AND RECOMMENDATION

The Motion to Dismiss or, in the Alternative, Motion to Transfer, filed by Defendants (Docs. 7-8), has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Diversity jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 (Doc. 1). After consideration, it is recommended that Defendants' Motion to Dismiss be denied but that their Motion to Transfer be granted (Docs. 7-8). It is further recommended that this action be transferred to the United States District Court for the Middle District of Alabama, Eastern Division pursuant to 28 U.S.C. § 1404(a).

The facts are, briefly, as follows. Plaintiff SE Property Holdings, LLC (hereinafter *SEPH*) is an Ohio limited liability company with its principal place of business located in Newark, Ohio (Doc. 1, ¶ 1). Defendants Alan J. Swindall and Barbara

1

Swindall are resident citizens of Tallapoosa County, Alabama (Doc. 8, ¶ 2; *see also* Doc. 8, Exhibits B, C).

On November 8, 2010, this Court, in *Vision Bank v. Alan J. Swindall*, 09-0442-CG-M (S.D. Ala. November 8, 2010) (Doc. 67), entered judgment for Vision Bank, and against Swindall, "in the amount of $4,808,273.56 plus $24,646.50 in attorneys fees and $1,612.53 in costs as of [] August 4, 2010." The *Vision Bank* judgment was entered pursuant to an action brought against Defendant Alan J. Swindall after he defaulted on a promissory note for a loan secured by land in Baldwin County, Alabama (*id.* at Doc. 21, p. 1; Doc. 27). "On February 16, 2012, Vision Bank [] merged with and into SEPH" (Doc. 1, ¶ 1).

SEPH brought this action on June 21, 2012, asserting that it was now the owner and holder of the loan and judgment, both of which remained unpaid (Doc. 1, ¶¶ 4-5). Plaintiff claims that Defendant Alan Swindall conveyed real property, located in Tallapoosa County, Alabama, to Barbara Swindall on March 12, 2009 and that these transfers were fraudulent under the Alabama Fraudulent Transfer Act, damaging SEPH (count one) (Doc. 1, ¶¶ 7-9). SEPH further claims that the Defendants conspired to effectuate these fraudulent transfers, "depriving SEPH of assets of Alan Swindall that could be used to pay the Loan and Judgment" (count two) (Doc. 1, ¶ 12; *see generally* ¶¶ 11-12).

Defendants filed this Motion to Dismiss or, in the

2

Alternative, Motion to Transfer (Docs. 7-8).  Plaintiff filed a response (Doc. 12) to which Defendants have replied (Doc. 13).

The Court notes, initially, that "[w]hen considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993)).  In order to state a claim for relief, the Federal Rules of Civil Procedure state that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  The U.S. Supreme Court explained that the purpose of the rule was to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[1]  While factual allegations do not have to be detailed, they must contain more than "labels and conclusions;" "a formulaic recitation of the elements of a cause will not do."

---

[1] *Conley* also stated that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46.  The U.S. Supreme Court did away with this standard in *Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 557-563 (2007).  Nevertheless, *Conley*'s statement regarding the purpose of Rule 8(a)(2) is useful here in deciphering the analysis necessary for evaluating Plaintiff's claims.

3

*Bell Atlantic Corporation v. Twombley*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted). "Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short of the line between possibility and plausibility of "entitle[ment] to relief."'" *Weissman v. National Association of Securities Dealers, Inc.*, 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombley*, 550 U.S. 557) (quoting *DM Research, Inc. v. College of American Pathologists*, 170 F.3d 53, 56 (1st Cir. 1999)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombley*, 550 U.S. at 556). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of conduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). As noted by the Supreme Court, Plaintiffs must "nudge[] their claims across the line from conceivable to plausible[; otherwise,] their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Defendants first argue that this action should be dismissed under the doctrine of *forum non conveniens*. The Swindalls

4

assert that venue is improper in this Court and that this action should be dismissed so that Plaintiff can refile the action in the Tallapoosa County Circuit Court (Doc. 8, pp. 2-6).

This Court notes first that "[p]rior to the enactment of [28 U.S.C.] § 1404(a) in 1948, the common law doctrine of *forum non conveniens*[2] provided the only mechanism under which courts could transfer venue for "the convenience of the parties and witnesses." *ASD Specialty Healthcare, Inc. v. Letzer*, 2010 WL 2952573, *2 (M.D. Ala. 2010). Since then, courts have transferred cases to other domestic forums under the authority of § 1404(a).[3] "Thus, subsequent to the enactment of § 1404(a), the doctrine of *forum non conveniens* applies only where there is no proper federal forum to which the case can be transferred, and where the more convenient forum is in a foreign country. *ASD Specialty Healthcare, Inc.*, 2010 WL 2952573, *2 (citing *Am.*

---

[2] Pursuant to the doctrine of *forum non conveniens,* "'when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case.'" *Wilson v. Island Seas Inv., Ltd.,* 590 F.3d 1264, 1269 (11th Cir. 2009) (quoting *Am. Dredging Co.,* 510 U.S. [443,] 447–48 (1994)) (footnote in original).

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

5

*Dredging Co.,* 510 U.S. at 449 n. 2" ("[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad")).

Because Defendants do not seek transfer of this action to a foreign country, *forum non conveniens* is not a proper avenue of relief.  However, the Court notes that although the Swindalls have argued that this Court is an improper venue for this action (Doc. 8, p. 2), they have motioned, if the Court determines otherwise, that this action be transferred to the United States District Court for the Middle District of Alabama (Doc. 8, p. 6).

However, the Court first needs to determine if venue is proper in this Court.  Under federal statutory law,

> A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.

28 U.S.C. § 1391(b).  The Court has already noted that Defendants live in Tallapoosa County, Alabama, which falls within the jurisdiction of the United States District Court for the Middle District of Alabama, Eastern Division.  28 U.S.C. §

6

81(b)(3). As such, subsection one of § 1391(b) does not support Plaintiff's argument that venue is proper in this Court.

Defendants have also directed this Court's attention to the fact that the conveyances of real property, which form the basis of SEPH's claims in this action, took place in Tallapoosa County (Doc. 8, p. 2; *cf.* Doc. 1, Exhibits A, B, C). These land transfers, falling outside this Court's jurisdiction, do not lend support for the notion that venue is proper in this Court.

However, the Court notes again that § 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs point out that the underlying promissory note and judgment arose within the jurisdiction of this Court (Doc. 12, p. 2). *See Vision Bank v. Alan J. Swindall*, 09-0442-CG-M (S.D. Ala. November 8, 2010) (Doc. 67). SEPH argues that even though the asserted fraudulent transfers did not occur within the jurisdiction of this Court, the prior judgment "gives rise" to the claims brought herein under subsection two as the transfers were made to thwart that judgment (Doc. 12, pp. 2-4).

The Court finds merit in SEPH's arguments. SEPH has a judgment in this Court against Defendant Alan Swindall for more than four million dollars. Plaintiff brings this action, asserting that transfers made by Swindall were conveyances made

7

to evade the judgment against him (Doc. 1).

Though the Court has not found a case directly on point, it notes *Setco Enterprises Corp. v. Robbins*, 19 F.3d 1278 (8th Cir. 1994), in which bankruptcy debtors made fraudulent transfers of stock although they were under an order from the bankruptcy court enjoining them from transferring any stock.  The Eighth Circuit Court of Appeals determined that even though the fraudulent acts had been committed in Texas and Oklahoma, venue was proper in the Western District of Missouri, the location of the Bankruptcy Court, even though none of the parties resided in that district.  *Setco*, 19 F.3d at 1280-81.  The factual circumstances of *Setco* are not much different from those in this action.

The Court finds that this Court is an appropriate venue for this action.  As such, it is recommended that Defendants' Motion to Dismiss be denied (Docs. 7-8).

Defendants have also motioned that, in the alternative, if this Court determines that venue is proper in this Court, then the action be transferred to the United States District Court for the Middle District of Alabama (Doc. 8, p. 6).  Defendants have asserted that that district would be more convenient, as they reside in that district, and that Alan Swindall would be closer to his doctors which is necessary in light of his poor health (Doc. 8, Exhibits B, D).  Plaintiff has stated that it

has no objection to this transfer (Doc. 12, pp. 5-6).

Statutory law states that "[for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).  As noted previously, Defendants reside in the Middle District of Alabama, so this action could have been originally brought in that court.  Also, since the parties have all consented, transfer to that judicial district would be appropriate.  Therefore, it is recommended that this action be transferred to the United States District Court for the Middle District of Alabama, Eastern Division pursuant to 28 U.S.C. § 1404(a).

In summary, it is recommended that Defendants' Motion to Dismiss be denied (Docs. 7-8).  It is further recommended that Defendant's Motion, in the Alternative, to Transfer be granted (Docs. 7-8) and that this action be transferred to the United States District Court for the Middle District of Alabama, Eastern Division pursuant to 28 U.S.C. § 1404(a).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo*

determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 23rd day of August, 2012.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE